IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rebecca Jean Clayton, | ) |
| Plaintiff, | ) Civil Action No.: 4:15-cv-2266-TLW |
| v. | ) **ORDER** |
| Carolyn W. Colvin, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Rebecca Jean Clayton ("Plaintiff"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits. (ECF No. 1). This matter is before the Court for review of the Report and Recommendation ("the Report") filed on May 9, 2016 by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that this Court reverse Commissioner's decision and remand the case for further administrative action. (ECF No. 21). The Commissioner filed objections to the Report on May 20, 2016, (ECF No. 23), and this matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the

recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the objections thereto, and all other relevant filings and memoranda. It is hereby **ORDERED** that the Magistrate Judge's Report is **ACCEPTED**. (ECF No. 21). For the reasons articulated by the Magistrate Judge, pursuant to sentence four of 42 U.S.C. §§ 405(g) the Commissioner's decision is **REMANDED** to the Administrative Law Judge for further proceedings as discussed in the Report. Specifically, the Administrative Law Judge is instructed to consider the order of the South Carolina Worker's Compensation Commission in its decision.

**IT IS SO ORDERED**.

    *s/ Terry L. Wooten*
    TERRY L. WOOTEN
    Chief United States District Judge

July 28, 2016
Columbia, South Carolina